**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 1:15-cv-02786-GPG

Roseann Scott,

    Plaintiff,

v.

Donna Scott,

    Defendant.

## ORDER REGARDING DEFENDANTS' JOINT MOTION TO STAY DISCOVERY

This matter comes before the Court on the following motion:

1. The parties joint motion to stay discovery which was imbedded within the scheduling order (document #25).[1]

The Court has reviewed the pending motion and the statements of Counsel made during the scheduling conference. The Court has also considered the entire case file, the applicable law, and is sufficiently advised in the premises. **I GRANT** this motion for the reasons discussed below and thus stay discovery:

A motion to stay discovery pending determination of a dispositive motion is an appropriate exercise of this court's discretion. *Landis v. North American Co.,* 299 U.S. 248, 254–255 (1936). The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for

---

[1] "(ECF #25)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Kansas City S. Ry. Co. v. United States,* 282 U.S. 760, 763 (1931).

To resolve motions to stay discovery, this District has adopted the following five-factor balancing test: (1) prejudice of a stay to plaintiff's interest in proceeding expeditiously; (2) the burden of discovery on defendant; (3) convenience of the court; (4) interests of third parties; and (5) the public interest. *See String Cheese Incident, LLC. v. Stylus Shows, Inc.,* 02–CV–01934–LTB–PAC, 2006 WL 894955, at *2 (D.Colo. Mar. 30, 2006). *See also, Landis v. North American Co.,* 299 U.S. 248, 254 (1936); *United Steelworkers of America v. Oregon Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir.2003); *Battle v. Anderson,* 564 F.2d 388, 397 (10th Cir.1977).

The underlying principle in determination of whether to grant or deny a stay clearly is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com'n v. Chilcott Portfolio Management, Inc.,* 713 F.2d 1477, 1484 (10th Cir.1983)(quoting *Klein v. Adams & Peck,* 436 F.2d 337, 339 (2d Cir.1971). A stay of all discovery is generally disfavored. *See Chavez v. Young Am. Ins. Co.,* No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at*2 (D.Colo. Mar. 2, 2007). However, a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003). Moreover, lack of subject matter jurisdiction may be asserted at any time by the court either at the trial or appellate level, and that has been done on innumerable occasions at all levels of the federal judiciary. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999). A Rule 12(b)(1) challenge is usually among the first issues resolved by a district court because if it must dismiss the complaint for lack of

2

subject matter jurisdiction, the accompanying defenses and objections become moot and do not need to be determined by the judge. *Id.*

The parties to this action have essentially filed cross motions which may entirely resolve the matter. The Plaintiff has filed a motion to remand (ECF #16) and the Defense has filed a motion to dismiss (ECF #10). The briefing time regarding the dismissal motion has just ended and the briefing time regarding the remand motion is about done. The Court should be able to determine, relatively soon, whether this action is likely to continue or whether it will be remanded or dismissed. While the Court is not commenting on the substance of these motions, a short stay while they are under review harms none and perhaps helps the parties by saving them funds which would be expended to engage in mutual discovery.

Keeping the aforementioned in mind, I will now look to the relevant *String Cheese* factors. The request for stay is mutual. At this stage, keeping in mind that a stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action" *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689, 692 (M.D.Fla.2003), the Court finds good cause for a short stay. The Court believes that to be the most appropriate manner of proceeding. As to interests of third parties and the public interest, neither of those factors appear to be at issue in this action more than in any other matter.

Therefore, it is ORDERED that discovery is stayed pending further Order of the Court.

Dated at Grand Junction, Colorado, this 16th day of February, 2016.

_____
Gordon P. Gallagher
United States Magistrate Judge

4